**ALEXANDER, et ux v. KAUTZMANN, et al.**

No. 62-C-5962.

Circuit Court, Dade County.

March 1, 1963.

S. Philip Malspeis, North Miami, for plaintiffs.

Walter C. Dunigan, Miami, for defendant Maxine L. Kautzmann.

ROBERT H. ANDERSON, Circuit Judge.

This was a suit to foreclose a mortgage filed June 1, 1962 by Joseph Alexander and Elsie Alexander, his wife, against Maxine L. Kautzmann and James K. Dunaway, d/b/a Tropical Landscape Company. The complaint alleged specifically that the last known address of the defendant, Maxine L. Kautzmann, was 7750 S. W. 114th Street, Kendall, Dade County, Florida.

The summons was issued to her at that address. It was returned unexecuted as to Maxine L. Kautzmann, "the within named defendant", for the reason that "after diligent search and inquiry, failed to find said defendant in Dade County, Florida."

Thereupon a notice by publication to Maxine L. Kautzmann, defendant, residence unknown, was published in the Miami Review and Daily Record on 6/19-26, 7/3-10, notifying her that a complaint to foreclose a mortgage on lots 5 and 11, in block 13, of Suniland Estates, First Addition, according to the plat thereof, as recorded in plat book 50 at page 58 of the public records of Dade County, had been filed. After that time, counsel for the plaintiffs filed with the clerk of this court, a certificate of no service, and a motion for decree pro confesso on July 20, 1962. On July 23, 1962, the court made an order that the allegations contained in the complaint were taken as confessed and a decree pro confesso was entered against the defendant, Maxine L. Kautzmann.

The attorney for the defendant, James K. Dunaway, filed an answer on August 7, 1962, in which he alleged that he had no actual knowledge of the matters alleged in paragraphs 2 and 3 of the complaint, which averred the residence of the defendant, Maxine L. Kautzmann, and the execution and delivery of the note and mortgage sought to be foreclosed.

Thereafter, attorneys for the plaintiffs, on August 10, 1962, filed a motion for final decree in which they alleged that a decree pro confesso was entered by the court against the defendant, Maxine L. Kautzmann, on July 23, 1962, and the other defendants filed an answer showing that the plaintiffs' lien was prior in dignity to theirs. The case was set down for final hearing on August 23, 1962, at which time the court entered a final decree of foreclosure of the mortgage described in the complaint.

The defendant, Maxine L. Kautzmann, through her attorney, filed on September 17, 1962 a motion to vacate the decree pro confesso and the final decree and to quash service by publication on the following grounds —

"1. This defendant has not submitted herself to the jurisdiction nor has she waived jurisdictional requirements to obtain jurisdiction over her person and this court has not acquired jurisdiction over her person by any lawful process.

"2. The asserted jurisdiction over her person depends solely upon publication of a notice to appear and defend founded upon a sworn statement or affidavit of plaintiffs' attorney and such sworn statement or affidavit is wholly and completely insufficient as a matter of law to afford any lawful basis for valid constructive service of process by publication, hence the decree pro confesso and the final decree entered pursuant thereto are both void and of no force or effect.

"3. The sworn statement or affidavit wholly fails to set forth any matter required as a condition precedent to service by publication and is totally without substance in this, that:

"(a) It does not state whether or not said defendant is over or under the age of twenty-one years, or whether her age is known or unknown;

"(b) It does not state whether the residence of the said defendant is unknown to the affiant or in some other state or country other than the State of Florida, or, that it is in the State of Florida, but that the said defendant (i) has been absent from the state for more than sixty days next preceding the making of the sworn statement, or (ii) conceals herself so that process cannot be personally served upon her, and that affiant believes that there is no person in the State of Florida upon whom service of process would bind said absent or concealed defendant."

This was accompanied by an affidavit of Maxine L. Kautzmann who stated —

" . . . that she is and has been continuously for a period of many years a resident of Dade County in the State of Florida; that her place of residence is now and has been continuously

for a time prior to the institution of these proceedings at 7750 S. W. 114th Street, Kendall, in Dade County, Florida; that she has not been absent from the State of Florida for more than sixty days next preceding the making of the sworn statement or affidavit upon which service by publication upon her is predicated in the foregoing proceedings, nor has she been absent from the State of Florida for a period of as much as sixty days at any time during the year of 1962; that she has not and does not conceal herself."

After hearing on this motion it was denied.

Thereupon, the defendant, Maxine L. Kautzmann, through her attorney, filed a petition for rehearing on the following grounds —

"1. The court did not have jurisdiction of the person of this defendant when the decree pro confesso and final decree were entered and the said defendant's presence was indispensable to the exercise of jurisdiction over the property, the subject matter of the suit.

"2. The decree pro confesso and final decree were and are absolutely void and of no legal effect.

"3. The denial of the motion constitutes a denial of due process of law to this defendant."

The court granted this motion for rehearing and set the case down for argument on February 28, 1963.

At the rehearing, plaintiffs' counsel submitted two letters which they had addressed to the defendant as follows — *Mrs. Maxine L. Kautzmann, 7750 Southwest 114 Street, Kendall, Dade County, Florida.* This letter bore the return address of attorneys for the plaintiffs, was sent by certified mail no. 506307, the envelope bears 34c United States postage, is marked by the Post Office Department "Unclaimed" and "Notified May 9, 1962".

The second envelope is addressed to — *Mrs. Maxine L. Kautzmann, 7750 S. W. 114 Street, Kendall, Florida.* This letter also bore the return address of attorneys for the plaintiffs, was sent by certified mail no. 336586, is marked "Unclaimed" and "Sept. 14, 1962 Notified".

The court is constrained to feel that the defendant, knowing that the mortgage was in default and expecting that the certified envelopes contained ominous news for her from the attorneys, deliberately refused them or made delivery of them impossible. They were clearly addressed on a typewriter to her correct residence. There was no reason why she did not receive both of them. The mortgage was at least three months in default, the taxes for 1961 were unpaid and the payments on the first mortgage were in

default from December, 1961 to and including April, 1962, in the sum of $264 a month, or a total of $1,432.50, and there was a total due on her obligation of $7,180.78 which, including costs and attorneys' fees, amounted to $8,060.72.

No useful purpose can be perceived in setting aside the final decree. Therefore the petition is denied.